T.C. Summary Opinion 2010-142

UNITED STATES TAX COURT

ROULETTE WILLIAM SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6129-06S, 9684-07S.    Filed September 22, 2010.

Roulette William Smith, pro se.

<u>Heather K. McCluskey</u> and <u>Sherri Wilder</u>, for respondent.

GERBER, <u>Judge</u>:  These consolidated cases were heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decisions to be entered are not reviewable by any

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes of $12,948 in 2002 and $9,116 in 2003. After concessions, the sole issue remaining for consideration is whether petitioner is entitled to deduct certain business expenses.

## Background[2]

Petitioner resided in California when he filed his petitions. During the years in issue petitioner was employed as a member of the faculty at Cal State University, Dominguez Hills (CSUDH) in Carson, California, and at the Institute of Transpersonal Psychology (ITP) in Palo Alto, California. Petitioner also owned rental real estate in Santa Barbara, California, and operated a business named Institute for Postgraduate Interdisciplinary Studies (IPIS).

On Schedules C, Profit or Loss From Business, attached to his Forms 1040, U.S. Individual Income Tax Return, petitioner claimed business deductions of $44,149 for 2002 and $52,589 for 2003.[3] Petitioner also claimed a $35,833 loss from his rental

---

[2]The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference.

[3]All figures have been rounded to the nearest dollar.

real estate on Schedule E, Supplemental Income and Loss, attached to his 2002 income tax return.

On February 7, 2006, respondent issued a notice of deficiency for petitioner's 2002 tax year disallowing petitioner's Schedule C deductions for lack of substantiation and $23,889 of $35,833 petitioner claimed as a real estate loss, determining that it was a passive activity loss. On February 5, 2007, respondent issued a notice of deficiency for petitioner's 2003 tax year disallowing all $52,589 of the Schedule C deductions for lack of substantiation.

Petitioner filed timely petitions in response to the notices of deficiency. On November 7, 2007, the Court granted respondent's oral motion to consolidate petitioner's cases.

Petitioner has conceded that his real estate loss was a passive activity loss, and respondent has conceded that petitioner is entitled to deduct $25,000 of the real estate loss under section 469(i) because petitioner actively participated in his rental real estate activity.

## Discussion

Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers must maintain records sufficient to allow the Commissioner to determine their correct tax liability.

Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Additionally,
taxpayers bear the burden of substantiating the amount and
purpose of each item they claim as a deduction.  Hradesky v.
Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d
821 (5th Cir. 1976).

For most business deductions claimed, petitioner failed to
maintain adequate or any records.  To the extent petitioner
produced substantiating records at trial, they were disorganized
and incomplete.  The Court has carefully reviewed the record and,
to the extent possible, refined petitioner's documentation and
testimony to bring some clarity to an otherwise unfathomable sea
of murky material.  The disallowance of most of petitioner's
claimed deductions is attributable to his failure to properly
document his expenses.

Section 162(a) allows a taxpayer to deduct all ordinary and
necessary business expenses paid or incurred during the taxable
year.  A taxpayer's personal or living expenses are not
deductible.  Sec. 262.

On Schedules C of his 2002 and 2003 returns petitioner
claimed the following business expenses[4] for his IPIS business
activity:

--------

[4]The amounts listed as petitioner's expenses throughout this
opinion do not reflect any limitations on deductions, such as the
50-percent limitation on meals and entertainment expenses under
sec. 274(n).

| Expense | 2002 | 2003 |
|---|---|---|
| Car and truck | [1]$13,211.91 | [2]$11,110.80 |
| Insurance | 34.00 | --- |
| Legal and professional | 656.63 | 2,295.00 |
| Office | 114.00 | 5,855.63 |
| Travel | [3]20,474.20 | [4]21,018.61 |
| Meals and entertainment | [5]9,583.95 | [6]8,637.00 |
| Utilities | 3,115.07 | 2,750.00 |
| Other | 1,750.99 | 5,374.87 |

[1]Petitioner calculated his 2002 car and truck expense by multiplying the standard mileage rate of 36.5 cents per mile by 36,197 business miles. See Rev. Proc. 2001-54, sec. 5, 2001-2 C.B. 530, 531. However, the entries in petitioner's log total 36,329 miles, and there is no explanation in the record for the 132-mile discrepancy.

[2]Petitioner should have claimed a 2003 car and truck expense of $11,111.04 using the standard mileage rate of 36 cents per mile and the 30,864 business miles he purportedly drove. See Rev. Proc. 2002-61, sec. 5, 2002-2 C.B. 616, 618. There is no explanation in the record for the 24-cent discrepancy.

[3]Petitioner claimed $14,250 in lodging expenses and $6,224.20 in other travel expenses. Petitioner improperly calculated his lodging expenses using a per diem rate of $150 for 95 days in Palo Alto (discussed infra). See Rev. Proc. 2001-47, 2001-2 C.B. 332; 41 C.F.R. ch. 301, app. A (2003).

[4]Petitioner's 2003 travel expenses consisted entirely of lodging expenses which he improperly and incorrectly calculated using the 2004 per diem rates (discussed infra).

[5]Petitioner claimed $4,508 in meals expenses and $5,075.95 in entertainment expenses. Petitioner calculated his meals expense using a per diem rate of $46 for 98 days in Palo Alto. See Rev. Proc. 2001-47, supra; 41 C.F.R. ch. 301, app. A (2003).

[6]Petitioner's 2003 meals and entertainment expenses consisted entirely of meals expenses which he calculated using incorrect per diem rates (discussed infra).

Petitioner claims he was in the business of medical research.[5]  As part of that research, petitioner asserts that he studied people who did not know they needed help and people who mistakenly believed they needed help.  Petitioner claimed he gave individuals gifts in order to study how they were physiologically affected by his generosity.

Because he defined his business activity so broadly and considered almost any expenditure remotely connected to that activity to be a business expense, petitioner claimed business expense deductions for hundreds of questionable expenditures for the years in issue.  Respondent disallowed nearly all of these deductions in the notices of deficiency.

Petitioner's records provide substantiation for a limited number of his claimed deductions.  Petitioner failed to produce a receipt or other documentation of payment for most of his claimed expenses, and some of the receipts he did submit show that he spent less than the amount claimed.  In addition, his records fail to identify the purpose of some expenses.  In other instances the records indicate that expenditures were incurred in

---

[5]It is unclear how petitioner expected to profit from this research activity.  Petitioner claimed that his research would lead to patents that would generate income, but the record evidences only a single patent application, for a garment bag. Petitioner did not explain how that patent related to a business in medical research.  Respondent has, however, conceded that petitioner operated the Institute for Postgraduate Interdisciplinary Studies with a profit objective.

connection with his teaching positions, as opposed to his business.

Respondent has since conceded that petitioner did substantiate a number of his expenses and is thus entitled to deduct them on his Schedules C. Respondent also conceded that petitioner is entitled to deduct on Schedule A, Itemized Deductions, expenses that his records designated as having been incurred in connection with his teaching jobs. However, respondent maintains that petitioner is not entitled to deduct the remaining expenses for which petitioner's records do not substantiate payment and/or a business purpose.[6]

At trial petitioner testified as to why each of the expenses allowed as a deduction on Schedule A were in fact an IPIS expense and as to the purpose of each of the expenses disallowed for lack of business purpose. We address each of these items below.

A. Amounts Allowed on Schedules C

Respondent conceded that petitioner has substantiated the following amounts as business expenses:

---

[6]Our review of petitioner's records and the record as a whole reveals that respondent's concessions were generous.

| Expense | 2002 | 2003 |
|---|---|---|
| Car and truck | $8,213.59 | $2,425.68 |
| Insurance | 34.00 | --- |
| Legal and professional | 378.00 | 2,295.00 |
| Office | 114.00 | 2,259.52 |
| Travel | [1]5,044.26 | [2]1,008.70 |
| Meals and entertainment | [3]2,576.00 | [4]3,116.00 |
| Utilities | 1,645.09 | 1,369.52 |
| Other | 555.62 | 122.28 |

[1]Because taxpayers are not allowed to use the per diem rate to calculate their lodging expenses on Schedule C, respondent allowed only the $1,491.97 of lodging expenses for which petitioner actually substantiated payment. See Duncan v. Commissioner, T.C. Memo. 2000-269.

[2]Respondent conceded the $1,008.70 of lodging expenses for which petitioner actually substantiated payment.

[3]Respondent conceded that petitioner is entitled to use the per diem rate for 56 days.

[4]Respondent conceded that petitioner is entitled to use the per diem rate for 53 days in Palo Alto, 8 days in Schenectady, New York, and 4 days in San Diego, California. Petitioner improperly used a per diem rate of $34 per day for the days in Schenectady and the 2004 per diem rates for all of the days in Palo Alto and San Diego. The correct rates are: (1) $51 per day for the 26 days in Palo Alto between Oct. 1 and Dec. 31, 2003; (2) $50 per day for the 27 days in Palo Alto between Jan. 1 and Sept. 30, 2003; (3) $30 per day for the 8 days in Schenectady; and (4) $50 per day for the 4 days in San Diego. See Rev. Proc. 2002-63, 2002-2 C.B. 691; Rev. Proc. 2003-80, 2003-2 C.B. 1037; 41 C.F.R. ch. 301, app. A (2004).

On the basis of the record, we hold the following items to be business expenses properly deductible on Schedule C.

For 2002 petitioner claimed a $34 legal and professional expense for a subscription to the National Geographic magazine. He did not have a receipt for his subscription for that year, but he was able to provide respondent with a receipt for 2003.

Petitioner has thus provided the Court an evidentiary basis for allowing a deduction for the 2002 subscription, and we may do so even though petitioner was unable to fully substantiate the expense. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

Petitioner claimed a 2002 legal and professional expense of $28.49 and a 2002 other expense of $72.81 for the purchase of books which he discussed with business associates as part of his IPIS research.

Petitioner also claimed a 2003 office expense of $165 for the purchase of video recorders "for people who were working with * * * [him] to record events which * * * [he] would like to have them record".

In addition, petitioner claimed a 2003 office expense of $297.69 for the purchase of a travel bag and a briefcase which were used only for IPIS business.

After review of the evidence, we hold that petitioner is entitled to deductions for the following expenses.[7]

---

[7]These amounts include amounts respondent conceded or allowed.

| Expense | 2002 | 2003 |
|---|---|---|
| Car and truck | $8,213.59 | $2,425.68 |
| Insurance | 34.00 | --- |
| Legal and professional | 440.49 | 2,295.00 |
| Office | 114.00 | 2,722.21 |
| Travel | 5,044.26 | 1,008.70 |
| Meals and entertainment | 2,576.00 | 3,116.00 |
| Utilities | 1,645.09 | 1,369.52 |
| Other | 628.43 | 122.28 |

B.  Amounts Allowed on Schedules A

   1.  Charitable Contributions

Section 170(a) generally allows a taxpayer a deduction for any charitable contribution made during the taxable year subject to certain limitations.  For individual taxpayers, a charitable contribution is deducted on Schedule A as an itemized deduction.

Petitioner claimed $100 for 2002 legal and professional expenses and $150 for 2003 office expenses for donations to nonprofit organizations.  Respondent allowed charitable contribution deductions for these donations.  Petitioner has not adequately shown that these contributions were other than personal.  Accordingly, we hold that petitioner is entitled to deduct $100 for 2002 and $150 for 2003 as charitable contributions on Schedules A.

   2.  Unreimbursed Employee Expenses

An employee may generally deduct unreimbursed employment expenses on Schedule A subject to a floor of 2 percent of adjusted gross income.  See secs. 62(a), 67(a).

Respondent contends that a number of petitioner's claimed IPIS expenses were actually incurred in connection with his job at ITP instead. Respondent thus allowed the following expenses as unreimbursed employee expenses.

| Expense | 2002 | 2003 |
|---|---|---|
| Car and truck | [1]$3,631.75 | $3,674.52 |
| Legal and professional | 13.64 | --- |
| Office | --- | 22.34 |
| Travel | [2]3,600.00 | [3]6,962.00 |
| Meals and entertainment | [4]1,748.00 | [5]3,508.00 |
| Other | 39.17 | 244.25 |

[1]This figure does not include a car and truck expense of $195.28 which respondent listed as allowed on Schedule A. Because respondent disallowed the $885 in travel expenses and the $138 in meals and entertainment expenses associated with the same trip (discussed infra), it appears that respondent included this car and truck expense by mistake and did not concede its deductibility.

[2]Respondent did concede that petitioner is entitled to use the per diem rate for 24 days.

[3]Respondent also conceded that petitioner is entitled to use the per diem rate for 47 days in Palo Alto. The $106 rate petitioner used applies only for the 2 days that fall during the period Oct. 1 through Dec. 31, 2003. See Rev. Proc. 2003-80, supra; 41 C.F.R. ch. 301, app. A (2004). The 2003 per diem rate of $150 applies to the remaining 45 days falling between Jan. 1 and Sept. 30, 2003. See Rev. Proc. 2002-63, supra; 41 C.F.R. ch. 301, app. A (2003).

[4]Respondent conceded that petitioner is entitled to use the per diem rate for 38 days.

[5]Respondent conceded that petitioner is entitled to use the per diem rate for 70 days in Palo Alto. The $51 rate petitioner used applies only for the 8 days that fall during the period between Oct. 1 and Dec. 31, 2003. See Rev. Proc. 2003-80, supra; 41 C.F.R. ch. 301, app. A (2004). The 2003 per diem rate of $50 applies to the remaining 62 days falling between Jan. 1 and Sept. 30, 2003. See Rev. Proc. 2002-63, supra; 41 C.F.R. ch. 301, app. A (2003).

Petitioner argues, without providing adequate documentation, that the expenses respondent allowed on Schedules A were IPIS expenses that belong on Schedules C.

a. <u>Car and Truck, Travel, and Meals and Entertainment Expenses</u>

During the years in issue petitioner routinely drove from CSUDH to Palo Alto almost weekly. Respondent contends that petitioner drove to his job at ITP and therefore the expenses belong on Schedules A as unreimbursed employee expenses. Petitioner claims he always drove straight to the Stanford University library to perform research for IPIS and therefore claimed these amounts on Schedules C as IPIS business expenses.

We do not find petitioner's claim to be credible, for two reasons. First, petitioner's claim is contradicted by his own records. In his logs petitioner labeled these trips "ITP". The log entries for these trips make no mention of IPIS at all.

Second, petitioner's claim is not credible because petitioner's testimony contradicted the documentary evidence. Petitioner claimed that on the way home from Palo Alto he frequently stopped by his property in Santa Barbara to remove weeds. Petitioner claims that this work added up to at least 750 hours of work on his property in 2002 and that he therefore satisfied section 469(c)(7)(B)(ii) (discussed <u>infra</u>). Even if we were generous in assuming that petitioner made this trip every single week, his claim converts to spending over 14 hours

removing weeds during each visit. Since the approximately 300-mile trip to Santa Barbara would have taken approximately 5 hours, petitioner would have arrived in Santa Barbara in the afternoon (assuming that he left Palo Alto in the morning) and would have been removing weeds into the middle of the night. Considered in its entirety, petitioner's story is thus without substance and beyond reality.

For these reasons we find that petitioner incurred these expenses in connection with his job at ITP and hold that these are itemized deductions that belong on Schedule A.

### b. Legal and Professional, Office, and Other Expenses

Respondent allowed the following expenses on Schedules A of petitioner's 2002 and 2003 returns, but petitioner insists these were IPIS business expenses.

| Expense | Amount | Reason Claimed for Expense |
|---|---|---|
| **2002** | | |
| Legal and professional | $13.64 | FedEx service to ITP's dean of students |
| Other | 39.17 | Book purchase |
| **2003** | | |
| Office | [1]20.23 | Printing expenses |
| Office | [2]2.11 | Book purchase |
| Other | 244.25 | Business purchases |

[1]Petitioner claimed a deduction of $70.18, but the receipt he submitted shows a purchase of only $20.23.

[2]Petitioner claimed a $480.67 deduction.  Respondent allowed $207.54 on Schedule C, allowed $2.11 on Schedule A, and disallowed the remaining $271.02.

Despite petitioner's contentions to the contrary, the receipts submitted for these expenses and the entries in petitioner's log are labeled "ITP".  The record thus reveals these expenses were incurred in his capacity as an employee of ITP rather than in connection with IPIS.  Accordingly, we hold these expenses to be unreimbursed employee expenses deductible on Schedules A.

3.  Conclusion

We hold that petitioner is entitled to deductions for the following expenses.[8]

| Expense | 2002 | 2003 |
|---------|------|------|
| Car and truck | $3,631.75 | $3,674.52 |
| Legal and professional | 113.64 | --- |
| Office | --- | 172.34 |
| Travel | 3,600.00 | 6,962.00 |
| Meals and entertainment | 1,748.00 | 3,508.00 |
| Other | 39.17 | 244.25 |

C.  Amounts Disallowed

1.  No Direct Connection With Petitioner's Business

Only ordinary and necessary business expenses "directly connected with or pertaining to the taxpayer's trade or business" may be deducted.  Sec. 1.162-1(a), Income Tax Regs.

---

[8]The amounts include those respondent conceded or allowed.

Petitioner claimed a $123.74 2002 car and truck expense in connection with a trip to his rental property. Petitioner claims his rental property was a business address for IPIS, but he did not identify the business purpose of this particular trip.

Petitioner claimed a $39.50 2002 other expense for a ticket to a play about AIDS in Africa. Petitioner contended that this was a business expense because he was studying AIDS as part of his business.

He also claimed the following expenditures as business expenses because they were spent on business associates.

| Expense | Amount | Reason for Claimed Expense |
|---|---|---|
| 2002 | | |
| Car and truck | $342.74 | Trip to attend associate's memorial service |
| Legal and professional | 19.55 | Payment to former employees |
| Legal and professional | 70.00 | Gifts for associates |
| Meals and entertainment | 3,178.88 | Appreciation party for associates |
| Travel | 313.77 | Trip to visit associates |
| Other | 272.13 | Gifts for associate |
| 2003 | | |
| Office | 548.05 | Gifts for associates |
| Office | 586.00 | Payments to or on behalf of associates |

Petitioner is not entitled to deduct these payments because he has supplied, at best, a tangential connection between the expenditures and his business.  The fact that petitioner spent these amounts on business associates does not, by itself, establish a direct connection with his business.  Petitioner's past dealings with his associates do not automatically convert future interactions with them into business transactions.

Furthermore, these expenses are classified as automobile, travel, entertainment, or business gift expenses that are subject to more rigorous substantiation under section 274(d).  To deduct these expenses, petitioner must substantiate:  (a) The amount of the expense, (b) the time and place the expense was incurred; the business purpose of the expense, and (c) in the case of an entertainment or gift expense, the business relationship to petitioner of each expense incurred.  See id.  Each element must be substantiated by adequate records or by sufficient evidence corroborating petitioner's own statement.  See id.  Although petitioner testified as to the business purpose of these expenses, he did not provide appropriate records or evidence to corroborate his testimony.

Accordingly, we hold that petitioner is not entitled to deduct these expenses.

2. <u>Section 274(d)</u>

For 2002 petitioner deducted numerous items which constitute automobile, travel, or entertainment expenses.

| Expense | Amount | Reason Claimed for Expense |
|---|---|---|
| Car and truck | $303.32 | Trip to discuss repayment of a loan |
| Travel | 300.00 | Trip to discuss repayment of a loan |
| Car and truck | 35.41 | Trip to hospital for IPIS research |
| Car and truck | 313.90 | Trip to interview person with bipolar disorder |
| Expense | Amount | Reason Claimed for Expense |
| Car and truck | 100.38 | Trip to interview head of charitable organization |
| Meals and entertainment | 1,710.95 | Entertaining head of charitable organization |
| Other | 80.00 | Staff luncheon for CSUDH |

Because these expenses constitute automobile, travel, and entertainment expenses, petitioner must satisfy the more rigorous substantiation requirements of section 274(d). Petitioner failed to provide evidence to corroborate his testimony as to the business purpose of these expenses.

Accordingly, we hold that petitioner is not entitled to deduct these expenses.

3.  Unnecessary Expenses

Petitioner claimed 2003 office expenses of $33.54 and $37.45 for the purchase of books.  Each of these expenses represented a purchase of two copies of a book.  Respondent allowed deductions of $16.77 and $18.73 for the purchase of a single copy of each book, but petitioner could not explain why he needed the second copies.

Petitioner also claimed a 2003 office expense of $264.94 for the purchase of a travel bag and a briefcase.  Petitioner claims this luggage was different from the travel bag and briefcase he had purchased earlier (discussed supra), but the receipt he presented indicates otherwise.

Petitioner did not offer a reason he needed duplicates of these items and has therefore failed to prove the expenses were necessary.  See sec. 1.162-1(a), Income Tax Regs.

Petitioner also claimed utilities expenses of $629.82 in 2002 and $248.77 in 2003 for a phone line at his collaborator's home in Palo Alto (Palo Alto line).  Petitioner claims the line was used only for his personal voice mail.  Even if we assume that petitioner's testimony is credible, the expense is redundant and not ordinary and necessary because petitioner already maintained a toll-free line for which he claimed--and respondent mostly allowed--utilities expenses in 2002 and 2003.  Petitioner testified that the toll-free line "was a business phone so that

when I am traveling anywhere in the world I can pick up messages and emergencies". Because petitioner already had a line where people could leave him messages, he had no need for a Palo Alto line.

Accordingly, we hold that petitioner is not entitled to deduct these expenses.

4. <u>Personal Expenses</u>

Petitioner claimed 2003 office expenses of $67 for the cost of repairing his wristwatch and $250 for the purchase of art for his apartment in Long Beach. These expenses are inherently personal and thus nondeductible. See sec. 262(a).

5. <u>Nondeductible Charitable Contributions</u>

Petitioner attended a charity dinner hosted by ITP. Petitioner claimed a 2003 office expense for a $125 donation to ITP. According to a letter from ITP, the fair market value of the dinner was $125. Petitioner also claimed a 2003 office expense of $100 for the purchase of five books at the dinner. Petitioner testified that the purchase "acts as a contribution from * * * [his] business to ITP".

Because petitioner received goods and services in exchange for and equal to the amount of his contributions, they cannot be considered charitable contributions. "The <u>sine qua non</u> of a charitable contribution is a transfer of money or property

without adequate consideration." <u>United States v. Am. Bar Endowment</u>, 477 U.S. 105, 118 (1986).

Accordingly, we hold that petitioner is not entitled to deduct these expenses.

6. <u>No Business Purpose Offered</u>

Petitioner claimed a utilities expense of $495.13 in 2002 for a phone line at his rental property. Petitioner claimed that the line was used (1) for IPIS business and (2) so that anyone, including the tenants of the rental property, could call petitioner for any purpose. Petitioner's claim is not plausible because, according to his own testimony, he spent what little time he was at his rental property removing weeds. Petitioner offered no explanation as to how the phone line was used in his business, and there is no evidence of any business use whatsoever. Furthermore, even if there had been some business use of the phone line, petitioner would not be entitled to deduct this expense because he failed to identify the amount of business use of the line as opposed to the tenants' personal use of the phone line.

Petitioner also claimed a 2003 utilities expense of $990.14 for another phone line. Petitioner did not offer any explanation as to how this line was used in his business.

Petitioner claimed a 2003 office expense of $50 for a payment to an executive of CSUDH. Petitioner did not explain what this payment was for.

Petitioner claimed 2003 car and truck expenses totaling $5,010.84, 2003 travel expenses totaling $7,015, 2003 meals and entertainment expenses totaling $510, and 2003 other expenses totaling $1,488.57 for which he offered no business purpose.

Accordingly, we hold that petitioner is not entitled to deduct these expenses.

7. <u>Petitioner's Testimony Contradicted by His Own Records</u>

For 2002 petitioner claimed $195.28 in car and truck expenses, $885 in travel expenses, and $138 in meals and entertainment expenses which were purportedly incurred while attending a Centers for Disease Control and Prevention conference in Atlanta, Georgia. Petitioner's log, however, indicates he visited friends and went to his family's home in South Carolina instead.

Petitioner claimed a 2002 meals and entertainment expense of $186.12 purportedly incurred while entertaining a business associate. Petitioner's receipts show that this expense consisted of $100 spent at a restaurant and $86.12 spent on groceries. Petitioner, however, testified that he neither bought the groceries for his associate nor entertained her at his home.

Petitioner claimed a 2002 other expense of $89.71 for purported AIDS research. The receipt petitioner submitted for this expense, however, shows a purchase of groceries.

Petitioner claimed a 2002 other expense of $18.50 for postage. Petitioner claimed that postage was for mail sent to his associate, Ricki Lewis. Respondent allowed $5.20 in postage to Schenectady, where Ricki Lewis lived. Respondent disallowed the remaining $13.30 because that amount constituted postage to Atlanta, Georgia, where petitioner's daughter resided.

Petitioner has failed to substantiate these deductions because his records refute his testimony regarding the business purpose of these expenses. Accordingly, we hold that petitioner is not entitled to deduct these expenses.

8. Failure To Substantiate Payment

Respondent disallowed the remainder of petitioner's claimed deductions for petitioner's failure to substantiate payment of the expenses claimed.

Petitioner claimed a 2002 per diem meals expense of $46 for a day in December for which he did not have a corresponding travel expense. Petitioner is not entitled to deduct this expense because taxpayers are not entitled to claim per diem meals expenses without traveling away from home. See sec. 162(a)(2); Rev. Proc. 2002-63, sec. 3.01(1), 2002-2 C.B. 691, 693.

For the remainder of the expenses respondent disallowed for lack of substantiation, petitioner claimed that he had receipts evidencing payment but did not provide them to respondent or the Court.

Accordingly, we hold that petitioner is not entitled to deduct these expenses.

9. <u>Conclusion</u>

For these reasons, we hold that petitioner is not entitled to deductions for the following expenses.

| <u>Expense</u> | <u>2002</u> | <u>2003</u> |
|---|---|---|
| Car and truck | $1,366.57 | $5,010.60 |
| Legal and professional | 102.50 | --- |
| Office | --- | 2,961.08 |
| Travel | 11,829.94 | 13,047.91 |
| Meals and entertainment | 5,259.95 | 2,013.00 |
| Utilities | 1,469.98 | 1,380.48 |
| Other | 1,083.39 | 5,008.34 |

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.